**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4239**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DION MONTREAL COXTON,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:04-cr-00248)

Submitted: October 20, 2008          Decided: November 19, 2008

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dion Montreal Coxton was convicted of: possession of a firearm by a convicted felon; possession with intent to distribute cocaine, cocaine base, and marijuana; and using or carrying a firearm during a drug trafficking offense. He was sentenced to an aggregate sentence of 150 months. Coxton now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that there are no meritorious issues for appeal. Coxton has filed a pro se brief raising additional issues. We affirm.

In the Anders brief, counsel argues that the district court improperly denied Coxton's motion to suppress statements made to the police because Coxton received inadequate warnings under Miranda v. Arizona, 384 U.S. 436 (1966). When considering a district court's ruling on a motion to suppress, we review the court's factual findings for clear error and its legal conclusions de novo. United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008).

Here, the court found that Coxton was properly advised of his Miranda rights on March 11, 2004, and was advised the following day that he "still had Miranda rights." These findings are not clearly erroneous. They are supported by the testimony of Detective Paul Conner and Officer Scott Sherwood, which the court credited over Coxton's testimony. Further, we

2

find no infirmity in the court's legal conclusion that Coxton voluntarily, intelligently, and knowingly waived his rights prior to making a statement on March 12. Notably, he was reminded that the Miranda warnings administered twelve hours earlier still applied, the same detective questioned Coxton on March 11 and March 12, Coxton did not hesitate to make his statement, and there were no unusually intimidating or coercive circumstances involved. Cf. United States v. Pruden, 398 F.3d 241, 244-47 (3rd Cir. 2005).

The claims raised in Coxton's pro se brief lack merit. First, his claim that counsel was ineffective is not cognizable on direct appeal because ineffectiveness does not conclusively appear on the face of the record. He should raise this claim, if at all, in a 28 U.S.C. § 2255 (2000) motion. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Second, we discern no plain error in a license checkpoint. See United States v. Olano, 507 U.S. 725, 732-43 (1993) (stating standard of review); City of Indianapolis v. Edmond, 531 U.S. 32, 37-38 (2000) ("roadblock with the purpose of verifying drivers' licenses and vehicle registrations would be permissible").

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm. This

3

court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED